Filed 6/28/24  P. v. Miles CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B325756 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA503181) |
| v. | |
| PRESTON ARELL MILES, JR., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Keith H. Borjon, Judge.  Affirmed.

Christopher W. Stansell, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

Defendant Preston Arell Miles appeals his conviction of evading a police officer. His counsel filed a brief identifying no issues and requesting this court independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 442 (*Wende*). We independently review the record, find no arguable issue, and affirm.

## BACKGROUND

On February 16, 2022, defendant was driving a stolen black Mercedes. When police officers tried to stop him, defendant drove recklessly through a residential neighborhood and then proceeded onto the 101 Freeway. Defendant did not stop at stop signs, swerved in and out of lanes, drove at an unsafe speed, crossed double yellow lines, drove on the wrong side of the street, and drove on a sidewalk. Police pursued defendant in a marked black and white vehicle with red and blue lights and siren activated. One officer in a vehicle pursuing defendant testified that he was wearing a police uniform at the time of the pursuit.

A second marked police vehicle followed the first, and a police helicopter tracked defendant from the air. The second marked vehicle also had its lights and sirens activated. Police terminated the pursuit when it became unsafe, but later captured defendant when alerted to his location by an officer in the police helicopter.

After he was apprehended, defendant told police that he had ingested methamphetamine. A subsequent examination revealed he was not high on methamphetamine. While defendant was transported in the police vehicle, he was yelling at himself and appeared agitated. Defendant also talked very quickly.

In an amended information, the People charged defendant with one count of reckless evading in violation of Vehicle Code

2

section 2800.2.[1]  The People alleged that defendant suffered four prior convictions including one for violating section 2800.2 and alleged multiple aggravating factors.[2]

Defendant was tried by jury.  No witness testified for the defense.  The court included in the jury instructions an instruction on the elements of evading a peace officer.  One such element is that the defendant "willfully fled from or tried to elude the officer intending to evade the officer."  During closing argument, defense counsel argued, "Mr. Miles was not okay.  He

---

[1]  Undesignated statutory citations are to the Vehicle Code.

Section 2800.2 describes the sentence for a "person [who] flees or attempts to elude a pursuing peace officer in violation of Section 2800.1 and the pursued vehicle is driven in a willful or wanton disregard for the safety of persons or property, the person driving the vehicle . . . ."  Section 2800.1, in turn, describes a misdemeanor where a person "operating a motor vehicle and with the intent to evade, willfully flees or otherwise attempts to elude a pursuing peace officer's motor vehicle . . . ."  Section 2800.1 contains the following additional elements:

"(1)  The peace officer's motor vehicle is exhibiting at least one lighted red lamp visible from the front and the person either sees or reasonably should have seen the lamp.

"(2)  The peace officer's motor vehicle is sounding a siren as may be reasonably necessary.

"(3)  The peace officer's motor vehicle is distinctively marked.

"(4)  The peace officer's motor vehicle is operated by a peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2 of the Penal Code, and that peace officer is wearing a distinctive uniform."

[2]  The People did not pursue the aggravating factors at trial.

was not in his right state of mind.  He was high on meth.  He did not form the intent to evade.  He's not guilty."  Defense counsel admitted that defendant "did not follow all the rules of the road."

The jury convicted defendant of one count of violating section 2800.2.  At the sentencing hearing, the trial court noted defendant previously had been convicted of a violation of section 2800.2 and previously failed a treatment program.  Specifically, the trial court noted that while in the treatment program, defendant possessed drug paraphernalia, lost contact with his treatment team, exhibited ongoing substance abuse issues, and was noncompliant with house rules and policies and with his treatment goals.  Additionally, the court indicated defendant had positive drug tests during the treatment program and refused to attend group therapy.

The court sentenced defendant to the midterm of two years.  The court awarded defendant 240 days actual credit and 240 days good conduct credit.  Defendant timely appealed.  Defendant's appellate counsel filed a *Wende* brief.  Defendant was advised of his right to file a supplemental brief but did not file one.

## DISCUSSION

We have independently reviewed the record and find no arguable issue on appeal.  Appointed counsel has fully complied with counsel's responsibilities and no arguable issue exists.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 126; see also *Wende, supr*a, 25 Cal.3d at pp. 441–443.)

4

## DISPOSITION

The judgment is affirmed.
NOT TO BE PUBLISHED.


                                            BENDIX, J.


We concur:




            ROTHSCHILD, P. J.




            WEINGART, J.